| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>ROBIN ANTONIO as Administratrix of the Estate of<br>NEHRU ANTONIO and ROBIN ANTONIO, Individually,<br><br>                                   Plaintiffs,<br>      -against-<br><br>LESLIE BECKFORD, M.D., LESLIE BECKFORD, M.D.<br>P.C.  KEITH EDWARDS M..D. KEITH EDWARDS, M.D.<br>P.C. SOUNDVIEW HEALTH CENTER, THIRD AVENUE<br>RADIOLOGY and MONTEFIORE MEDICAL CENTER,<br><br>                                   Defendants.<br>------------------------------------------------------------------X | Index No.   **05CV2225**<br>Date Filed:   **February 16, 2005**<br><br>**VERIFIED COMPLAINT** |

Plaintiffs by their attorney, WILLIAM A. GALLINA, ESQ., complaining of the defendants, LESLIE BECKFORD, M.D., LESLIE BECKFORD, M.D. P.C.  KEITH EDWARDS M..D. KEITH EDWARDS, M.D. P.C. SOUNDVIEW HEALTH CENTER, THIRD AVENUE RADIOLOGY and MONTEFIORE MEDICAL CENTER, allege upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS

1. That at all times hereinafter mentioned, the plaintiff NEHRU ANTONIO was and is a resident of Bronx County, State of New York.

2. That at all times hereinafter mentioned, the plaintiff, ROBIN ANTONIO was and is a resident of Bronx County, State of New York.

3. That at all times hereinafter mentioned, the defendant, LESLIE BECKFORD, M.D. was and is a resident of the County of Bronx, State of New York.

4. At all times hereinafter mentioned, the defendant, LESLIE BECKFORD, M.D., was or represented himself to be a physician duly licensed by the State of New York for the practice of her profession.

5. At all times hereinafter mentioned, the defendant, LESLIE BECKFORD, M.D. was an employee of the defendant, LESLIE BECKFORD, M.D., P.C.

6. Upon information and belief, that at all times hereinafter mentioned, defendant, LESLIE BECKFORD, M.D., P.C., was and is a domestic corporation, organized and existing under and by virtue of the laws of the State of New York, and maintains its principal office in the County of Bronx, State of New York.

7. At all times hereinafter mentioned, defendant LESLIE BECKFORD, M.D., P.C., its agents, servants and employees controlled a medical facility, known as LESLIE BECKFORD, M.D., P.C., for the care of sick and ailing persons.

8. At all times hereinafter mentioned, defendant LESLIE BECKFORD, M.D., P.C., its agents, servants and employees maintained a medical facility, known as LESLIE BECKFORD, M.D., P.C., for the care of sick and ailing persons.

9. At all times hereinafter mentioned, defendant LESLIE BECKFORD, M.D., P.C., its agents, servants and employees managed a medical facility, known as LESLIE BECKFORD, M.D., P.C., for the care of sick and ailing persons.

10. At all times hereinafter mentioned, defendant LESLIE BECKFORD, M.D., P.C., its agents, servants and employees operated a medical facility, known as LESLIE BECKFORD, M.D., P.C., for the care of sick and ailing persons.

11. At all times hereinafter mentioned, defendant LESLIE BECKFORD, M.D., P.C., its agents, servants and employees owned a medical facility, known as LESLIE BECKFORD, M.D., P.C., for the care of sick and ailing persons.

12. That at all times hereinafter mentioned the defendant, KEITH EDWARDS, M.D. was and is a resident of the County of New York, State of New York.

13. At all times hereinafter mentioned, defendant, KEITH EDWARDS, M.D., was or represented himself to be a physician duly licensed by the State of New York for the practice of his profession.

14. At all times hereinafter mentioned, the defendant, KEITH EDWARDS, M.D., was an employee of the defendant, KEITH EDWARDS, M.D., P.C.

15. Upon information and belief, that at all times hereinafter mentioned the defendant, KEITH EDWARDS, M.D., P.C., was and is a domestic corporation, organized and existing under and by virtue of the laws of the State of New York, and maintains its principal office in the County of Orange, State of New York.

16. At all times hereinafter mentioned, the defendant, KEITH EDWARDS, M.D., P.C., its agents, servants and employees controlled a medical facility, known as KEITH EDWARDS, M.D., P.C., for the care of sick and ailing persons.

17. At all times hereinafter mentioned, the defendant, KEITH EDWARDS, M.D., P.C., its agents, servants and employees maintained a medical facility, known as KEITH EDWARDS, M.D., P.C., for the care of sick and ailing persons.

18. At all times hereinafter mentioned, the defendant, KEITH EDWARDS, M.D., P.C., its agents, servants and employees managed a medical facility, known as KEITH EDWARDS, M.D., P.C., for the care of sick and ailing persons.

19. At all times hereinafter mentioned, the defendant, KEITH EDWARDS, M.D., P.C., its agents, servants and employees operated a medical facility, known as KEITH EDWARDS, M.D., P.C., for the care of sick and ailing persons.

20. At all times hereinafter mentioned, the defendant, KEITH EDWARDS, M.D., P.C., its agents, servants and employees owned a medical facility, known as KEITH EDWARDS, M.D., P.C., for the care of sick and ailing persons.

21. At all times hereinafter mentioned, the defendants, their agents, servants and/or employees undertook and agreed to render medical care to the plaintiff, NEHRU ANTONIO herein from approximately January, 1999 through January 2001.

22. At all times hereinafter mentioned, the defendant, SOUNDVIEW HEALTH CENTER, was and still is a domestic corporation, partnership and/or sole proprietorship duly organized and existing under and by virtue of the laws of the State of New York had the defendants' LESLIE BECKFORD, M.D., and KEITH EDWARDS, M.D. who were employees of said SOUNDVIEW HEALTH CENTER at the time of the care and treatment of plaintiff NEHRU ANTONIO.

23. At all times hereinafter mentioned, the Defendants, their agents, servants and/or employees undertook and agreed to render medical care to the Plaintiff from approximately January, 1999 through January, 2001.

24. At all times hereinafter mentioned, the defendant, MONTEFIORE MEDICAL CENTER was and still is a domestic corporation, partnership and/or sole proprietorship duly organized and existing under and by virtue of the laws of the State of New York.

25. At all times hereinafter mentioned, the Defendants, their agents, servants and/or employees undertook and agreed to render medical care to the Plaintiff from approximately July, 2000 through present.

26. The defendants, their agents, servants, partners, residents and/or employees were negligent in the care rendered for and on behalf of the plaintiff, in negligently failing and neglecting to use reasonable care in the services and care rendered for and on behalf of the injured plaintiff, in negligently and carelessly neglecting to heed plaintiff's condition, in negligently departing from accepted practices in the services rendered for and on behalf of the plaintiff, in failing to follow good practice, in performing contraindicated procedures on the plaintiff, in failing to perform indicated procedures in a proper manner, in performing

indicated procedures negligently on the plaintiff and negligently performing procedures on the plaintiff. In addition to the foregoing, the plaintiff reserves the right to rely on the doctrine res ipsa loquitur.

27. As a result of the foregoing, the Plaintiff was rendered sick and disabled, suffered injuries, pain and mental anguish, was compelled to seek medical care, incurred expenses, is permanently injured and disabled.

28. That the limitations set forth in CPLR Section 1601 do not apply by reason of one or more of the exceptions of CPLR Section 1602.

29. That the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF NEHRU ANTONIO

30. Plaintiff, NEHRU ANTONIO , repeats, reiterates and realleges each and every paragraph of the complaint numbered "1" through "29" with the same force and effect as if fully set forth at length herein.

31. The defendants by their agents, servants, employees, partners and/or others acting within their control failed to advise of the risks, hazards and danger inherent in the treatment rendered, failed to advise of the alternatives thereto and failed to obtain an informed consent.

32. The defendants failed to disclose to the plaintiffs such alternatives to the treatment and the reasonably foreseeable risks and benefits involved as a reasonable medical provider under similar circumstances would have disclosed in a manner permitting the patient to make a knowledgeable evaluation.

33. A reasonably prudent person in plaintiff, ANTONIO NEHRU's position would not have undergone the treatment or diagnoses if plaintiffs had been fully informed and the lack of informed consent is a proximate cause of the injury and/or condition for which relief is sought.

34. As a result of the foregoing, the Plaintiff was rendered sick and disabled, suffered injuries, pain and mental anguish, was compelled to seek medical care, incurred expenses and was permanently injured and disabled.

35. That the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS**

36. Plaintiffs repeat, reiterate and reallege each and every paragraph of the complaint numbered "1" through "35" with the same force and effect as if fully set forth at length herein.

37. Defendant, SOUNDVIEW HEALTH CENTER, prior to the granting and renewing of privileges or employment for defendants, LESLIE BECKFORD, M.D., KEITH EDWARDS, M.D.,and others involved in plaintiffs, care, failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendant, its employees, including, but not limited to, obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this state or another state, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings and failed to make sufficient inquiry of the physicians and employees and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

38. Had the defendant, SOUNDVIEW HEALTH CENTER, made the above stated inquiry or in the alternative had said Defendants reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

39. By reason of the defendant's failure to meet the aforementioned obligation, plaintiff was treated by physicians, and other employees who were lacking the requisite skills, abilities, competence and capacity, as a result of which plaintiffs, sustained severe injuries and complications.

40. As a result of the foregoing the plaintiff was rendered sick and disabled, suffered injuries, pain and mental anguish, was compelled to seek medical care, incurred expenses, was permanently injured and disabled and died.

41. That the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ROBIN NEHRU

42. Plaintiff, ROBIN ANTONIO, repeats, reiterates and realleges each and every paragraph of the complaint number "1" through "41" with the same force and effect as if fully set forth at length herein.

43. That at all times herein mentioned, plaintiff, ROBIN ANTONIO, was the wife of plaintiff, NEHRU ANTONIO and was entitled to and did receive the services and society of her said husband.

44. That by reason of the aforesaid plaintiff, ROBIN ANTONIO, has been deprived of the support, services, love, companionship, affection and society of her said husband and has been compelled to expend money and incur obligations for physicians services, medical expenses, suffered pecuniary loss, hospital expenses and for the care and treatment for the injuries sustained by plaintiff, NEHRU ANTONIO.

45. That the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiffs demand judgment against the defendants, on the first cause of action, on the second cause of action, on the third cause of action, and on the fourth cause of action, together with the costs and disbursements of this action.

Dated: Bronx, New York
      January 25, 2005

                                    Yours, etc.,
                                    WILLIAM A. GALLINA, ESQ.
                                    Attorney for Plaintiffs
                                    1180 Morris Park Avenue
                                    Bronx, New York 10461
                                    (718) 892-0400

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>NEHRU ANTONIO and ROBIN ANTONIO,<br><br>                                        Plaintiffs,<br>           -against-<br>LESLIE BECKFORD, M.D., LESLIE BECKFORD, M.D.<br>P.C.  KEITH EDWARDS M..D. KEITH EDWARDS, M.D.<br>P.C. SOUNDVIEW HEALTH CENTER, THIRD AVENUE<br>RADIOLOGY and MONTEFIORE MEDICAL CENTER,<br><br>                                        Defendants.<br>------------------------------------------------------------------X | Index No.:<br>Date Filed:<br><br><br><br><br>**CERTIFICATE OF MERIT** |

THE UNDERSIGNED ATTORNEY declares that:

(XX) I have reviewed the facts of the above matter and have consulted with a least one physician who is licensed to practice in the State of New York and whom the undersigned attorney reasonably believes is knowledgeable in the relevant issues involved in the above matter, and the undersigned attorney has concluded that on the basis of such review and consultation that there is a reasonable basis for the commencement of the instant action.

(  ) I was unable to obtain the consultation required by CPLR 3012-a(a)(1) because a limitation of time established by CPLR Art. 2 would bar the action, and the certificate required by CPLR 3012-a(a)(1) could not reasonably be obtained before such time expired; the certificate shall be filed within 90 days after service of the complaint.

(  ) I was unable to obtain the consultation required by CPLR 3012-a(a)(1) because I have made three separate good faith attempts with three separate physicians or dentists to obtain such consultation and non of those contacted would agree to such a consultation.

(  ) I intend to rely solely upon the doctrine of res ipsa loquitor and for that reason am not filing the certificate required by CPLR 3012-a(a)(1).

Dated: Bronx, New York
         January 25, 2005

_____
LOUIS G. SOLIMANO, ESQ