| UNITED STATES DISTRICT COURT | Case No. **05CV2225 (KMK)** |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | Date Filed: |

------------------------------------------------------------------X
ROBIN ANTONIO as Administratrix of the Estate of
NEHRU ANTONIO and ROBIN ANTONIO, Individually,

**AMENDED VERIFIED COMPLAINT**

                              Plaintiffs,

        -against-

UNITED STATES OF AMERICA,
THIRD AVENUE RADIOLOGY
and MONTEFIORE MEDICAL CENTER,

                            Defendants.
------------------------------------------------------------------X

      Plaintiffs by their attorney, WILLIAM A. GALLINA, ESQ., complaining of the defendants, UNITED STATES OF AMERICA, THIRD AVENUE RADIOLOGY and MONTEFIORE MEDICAL CENTER, allege upon information and belief as follows:

### JURISDICTION

      1.     The jurisdiction of this Court is predicated upon the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671- 2680, 1331.

      2.     Plaintiff, Administratrix is a citizen of the United States residing within this judicial district.

      3.     An administrative claim has been presented pursuant to 29 U.S.C. § 2675 and denied, by letter dated August 23, 2004 permitting suit to be instituted. A copy of the claim and denial letter are annexed as exhibits "A" and "B" respectively.

      4.     Under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n) Soundview Health Center and its employees Leslie Beckford and Keith Edwards have been deemed, by declaration of The United States Department of Health and Human Services to be federal employees for the purposes of the Federal Tort Claims Act. Annexed as exhibit "C" is a copy of said declaration.

      5.     An action was begun in this court timely after exhaustion of administrative remedies.

## VENUE

6. Venue is proper in this judicial district under 28 U.S.C. § 1402(b) because the acts and omissions giving rise to this claim occurred within this judicial district.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS

7. That at all times hereinafter mentioned, the plaintiff NEHRU ANTONIO was a resident of Bronx County, State of New York.

8. That at all times hereinafter mentioned, the plaintiff, ROBIN ANTONIO was and is a resident of Bronx County, State of New York.

9. Defendant UNITED STATES OF AMERICA, supported, operated and/or controlled SOUNDVIEW HEALTH CENTER under the Public Health Service Act, 42 U.S.C. § 233(h) and Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73)

10. Defendant UNITED STATES OF AMERICA, in supporting, operating and /or controlling said Health Center, held itself out to persons similarly situated to plaintiff's decedent to use that degree of care, skill, diligence and attention used by health centers, hospitals and medical facilities used by other similar facilities, centers and hospitals in the community in the care and treatment of patients. Said Heath Center employs and/or employed among others, doctors, nurses, physician's assistants, interns, residents, students and aides along with other personnel over which it exercises management, control and supervision.

11. That at all times hereinafter mentioned, the defendant, LESLIE BECKFORD, M.D. was and is a resident of the County of Bronx , State of New York,.represented himself to be a physician duly licensed by the State of New York for the practice of her profession, was an employee of the defendant UNITED STATES OF AMERICA, and engaged in the profession of care of sick and ailing persons.

12. That at all times hereinafter mentioned the defendant, KEITH EDWARDS, M.D. was and is a resident of the County of New York, State of New York, represented himself to be a physician duly

licensed by the State of New York for the practice of his profession, was an employee of defendant UNITED STATES OF AMERICA, and engaged in the profession of caring for sick and ailing persons.

13. At all times hereinafter mentioned, the defendants, their agents, servants and/or employees undertook and agreed to render medical care to the plaintiff, NEHRU ANTONIO herein from approximately January, 1999 through January 2001.

14. At all times hereinafter mentioned, the defendant, UNITED STATES OF AMERICA supported, controlled, operated, managed and/or established procedures, standards, guidelines and operating norms for SOUNDVIEW HEALTH CENTER, which was and still is a domestic corporation, partnership and/or sole proprietorship duly organized and existing under and by virtue of the laws of the State of New York

15. Defendant UNITED STATES OF AMERICA by SOUNDVIEW HEALTH CENTER undertook, accepted and engaged in the care and treatment of plaintiff NEHRU ANTONIO.

16. At all times hereinafter mentioned, the Defendants, their agents, servants and/or employees undertook and agreed to render medical care to the Plaintiff from approximately January, 1999 through January, 2001.

17. At all times hereinafter mentioned, the defendants, MONTEFIORE MEDICAL CENTER and THIRD AVENUE RADIOLOGY were and still are domestic corporations, partnerships and/or sole proprietorships duly organized and existing under and by virtue of the laws of the State of New York.

18. At all times hereinafter mentioned, the Defendants, MONTEFIORE MEDICAL CENTER and THIRD AVENUE RADIOLOGY their agents, servants and/or employees undertook and agreed to render medical care to the Plaintiff from approximately July, 2000 through date of death.

19. The defendants, and each of them, their agents, servants, partners, residents and/or employees were negligent in the care rendered for and on behalf of the plaintiff, in negligently failing and neglecting to

use reasonable care in the services and care rendered for and on behalf of the injured plaintiff, in negligently and carelessly neglecting to heed plaintiff's condition, in negligently departing from accepted practices in the services rendered for and on behalf of the plaintiff, in failing to follow good practice, in performing contraindicated procedures on the plaintiff, in failing to perform indicated procedures in a proper manner, in performing indicated procedures negligently on the plaintiff and negligently performing procedures on the plaintiff. In addition to the foregoing, the plaintiff reserves the right to rely on the doctrine res ipsa loquitur.

20. As a result of the foregoing, the Plaintiff was rendered sick and disabled, suffered injuries, pain and mental anguish, was compelled to seek medical care, incurred expenses, was permanently injured and disabled, and ultimately died.

21. That the limitations set forth in CPLR Section 1601 do not apply by reason of one or more of the exceptions of CPLR Section 1602.

22. That the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF NEHRU ANTONIO

23. Plaintiff, ANTONIO, repeats, reiterates and realleges each and every paragraph of the complaint numbered "1" through "22" with the same force and effect as if fully set forth at length herein.

24. The defendants by their agents, servants, employees, partners and/or others acting within their control failed to advise of the risks, hazards and danger inherent in the treatment rendered, failed to advise of the alternatives thereto and failed to obtain an informed consent.

25. The defendants failed to disclose to the plaintiffs such alternatives to the treatment and the reasonably foreseeable risks and benefits involved as a reasonable medical provider under similar circumstances would have disclosed in a manner permitting the patient to make a knowledgeable evaluation.

26. A reasonably prudent person in plaintiff, NEHRU's position would not have undergone the treatment or diagnoses if plaintiffs had been fully informed and the lack of informed consent is a proximate cause of the injury and/or condition for which relief is sought.

27. As a result of the foregoing, the Plaintiff was rendered sick and disabled, suffered injuries, pain and mental anguish, was compelled to seek medical care, incurred expenses and was permanently injured and disabled, and ultimately died.

28. That the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS

29. Plaintiffs repeat, reiterate and reallege each and every paragraph of the complaint numbered "1" through "28" with the same force and effect as if fully set forth at length herein.

30. Defendant, UNITED STATES OF AMERICA by SOUNDVIEW HEALTH CENTER, prior to the granting and renewing of privileges or employment for defendants, LESLIE BECKFORD, M.D., KEITH EDWARDS, M.D.,and others involved in plaintiffs, care, failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendant, its employees, including, but not limited to, obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this state or another state, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings and failed to make sufficient inquiry of the physicians and employees and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

31. Had the defendants and each of them, made the above stated inquiry or in the alternative had said Defendants reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

32. By reason of the defendant's failure to meet the aforementioned obligation, plaintiff was treated by physicians, and other employees who were lacking the requisite skills, abilities, competence and capacity, as a result of which plaintiffs, sustained severe injuries and complications.

33. As a result of the foregoing the plaintiff was rendered sick and disabled, suffered injuries, pain and mental anguish, was compelled to seek medical care, incurred expenses, was permanently injured and disabled and died.

34. That the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF ROBIN NEHRU**

35. Plaintiff, ROBIN ANTONIO, repeats, reiterates and realleges each and every paragraph of the complaint number "1" through 34" with the same force and effect as if fully set forth at length herein.

36. That at all times herein mentioned, plaintiff, ROBIN ANTONIO, was the wife of plaintiff, NEHRU ANTONIO and was entitled to and did receive the services and society of her said husband.

37. That by reason of the aforesaid plaintiff, ROBIN ANTONIO, has been deprived of the support, services, love, companionship, affection and society of her said husband and has been compelled to expend money and incur obligations for physicians services, medical expenses, suffered pecuniary loss, hospital expenses and for the care and treatment for the injuries sustained by plaintiff, NEHRU ANTONIO.

38. That the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiffs demand judgment against the defendants, on the first cause of action, on the second cause of action, on the third cause of action, and on the fourth cause of action, in a total amount not less than eleven million dollars ($11,000,000) together with the costs and disbursements of this action and such other relief as this court may deem just proper and equitable.

Dated: Bronx, New York
       July 8, 2005

                                  Yours, etc.,
                                  WILLIAM A. GALLINA, ESQ.
                                  By:_____
                                  Frank V. Kelly, Esq.. (7119)
                                  Attorney for Plaintiffs
                                  1180 Morris Park Avenue
                                  Bronx, New York 10461
                                  (718) 892-0400

| UNITED STATES DISTRICT COURT | Case No.: 05CV2225(KMK) |
| SOUTHERN DISTRICT OF NEW YORK | Date Filed: |

------------------------------------------------------------------------X

ROBIN ANTONIO as Administratrix of the Estate of
NEHRU ANTONIO and ROBIN ANTONIO, Individually,

                                           Plaintiffs,

          -against-                                    **CERTIFICATE OF MERIT**

UNITED STATES OF AMERICA,
THIRD AVENUE RADIOLOGY
and MONTEFIORE MEDICAL CENTER,

                                           Defendants.

------------------------------------------------------------------------X

THE UNDERSIGNED ATTORNEY declares that:

( XX ) I have reviewed the facts of the above matter and have consulted with a least one physician who is licensed to practice in the State of New York and whom the undersigned attorney reasonably believes is knowledgeable in the relevant issues involved in the above matter, and the undersigned attorney has concluded that on the basis of such review and consultation that there is a reasonable basis for the commencement of the instant action.

( ) I was unable to obtain the consultation required by CPLR 3012-a(a)(1) because a limitation of time established by CPLR Art.2 would bar the action, and the certificate required by CPLR 3012-a(a)(1) could not reasonably be obtained before such time expired; the certificate shall be filed within 90 days after service of the complaint.

( ) I was unable to obtain the consultation required by CPLR 3012-a(a)(1) because I have made three separate good faith attempts with three separate physicians or dentists to obtain such consultation and non of those contacted would agree to such a consultation.

( ) I intend to rely solely upon the doctrine of res ipsa loquitur and for that reason am not filing the certificate required by CPLR 3012-a(a)(1).


Dated: Bronx, New York
       July 8, 2005

                                                _____
                                               FRANK V. KELLY, ESQ.