UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBIN ANTONIO, as Administratrix of the Estate of
NEHRU ANTONIO, and ROBIN ANTONIO
INDIVIDUALLY,

                              Plaintiff,

       -v-

LESLIE BECKFORD, M.D., LESLIE BECKFORD,
M.D., P.C., KEITH EDWARDS, M.D., KEITH
EDWARDS, M.D., P.C., SOUNDVIEW HEALTH
CENTER, THIRD AVENUE RADIOLOGY,
MONTEFIORE MEDICAL CENTER, and UNITED
STATES OF AMERICA,

                              Defendants.

Case No. 05-CV-2225 (KMK)

OPINION & ORDER

---

Appearances:

Robin Antonio
Bronx, New York
*Pro Se Plaintiff*

Loretta A. Krez, Esq.
Kaufman Borgeest & Ryan LLP
New York, New York
*Council for Defendant Montefiore Medical Center*

Kenneth J. Bufford, Esq.
Andrew P. Keaveney, Esq.
Landman Corsi Ballaine & Ford, P.C.
New York, New York
*Council for Defendant Third Avenue Radiology*

Jeanette A. Vargas, Esq.
U.S. Attorney's Office, S.D.N.Y.
New York, New York
*Council for Defendant United States of America*

KENNETH M. KARAS, District Judge:

Robin Antonio, both individually and as Administratrix of the Estate of Nehru Antonio, brought this action against Third Avenue Radiology ("Third Avenue"), Montefiore Medical Center ("Montefiore"), and the United States of America, seeking relief for alleged medical malpractice, lack of informed consent, and loss of consortium, stemming from the terminal illness and death of her husband Nehru Antonio.  For the following reasons, Plaintiff's claims are dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with orders of this Court and for failure to prosecute.

## I.  Background

Plaintiff filed this action against Defendants Third Avenue, Montefiore, Leslie Beckford, Leslie Beckford M.D., P.C., Keith Edwards, Keith Edwards, M.D., P.C., and Soundview Health Center on February 17, 2005.  After a status conference with the Court on June 28, 2005, Plaintiff submitted an Amended Complaint on July 11, 2005, adding the United States of America as a defendant and terminating the allegations against all other original Defendants except Third Avenue and Montefiore.

Defendant Montefiore filed a Motion to Dismiss the Amended Complaint on September 16, 2005.  Defendants moved for dismissal on two grounds.  First, Defendants argued that all of Plaintiff's claims were time-barred by the applicable statute of limitations.  And second, Defendants argued that a state court action previously filed by Plaintiff which was terminated with prejudice prevented the present action against Montefiore.  (Def. Montefiore Mem. of Law 6-14 ("Montefiore Mem."))  Defendant Third Avenue filed a Motion for Summary Judgment on identical grounds on September 19, 2005.  (Def. Third Avenue Mem. of Law 4-12 ("Third Avenue Mem."))  Plaintiff's response was due on October 21, 2005, but when Plaintiff failed to respond by that date, the Court

extended the due date for the response to December 8, 2005.

On October 27, 2005, the Court received a letter from Plaintiff's counsel, requesting leave to file a motion to withdraw as Plaintiff's counsel, citing Plaintiff's lack of communication and failure to sign a stipulation to discontinue the present action after previously agreeing with counsel to do so.  After a conference with the Court on December 1, 2005, the Court ordered Plaintiff's counsel to respond to the Defendants' outstanding motions - which were already late by over one month - by December 8, 2005, and granted leave for Plaintiff's counsel to move to withdraw.  Plaintiff's counsel responded to Defendants' motions on December 8, 2005 by submitting a brief letter stating that they had "no good faith basis to oppose the motions."  (Frank V. Kelly Letter to the Court, December 8, 2005)  Plaintiff's counsel was permitted to withdraw in an Order dated December 23, 2005.

The Court, in its December 23, 2005 Order, instructed Plaintiff to notify the Court in writing by January 20, 2006 how she wished to proceed.  In that Order, the Court warned Plaintiff that "failure to comply with this Order could subject Plaintiff's claim to be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b)."  (Order, December 23, 2005)

After the Court learned that Plaintiff had mistakenly not been served with the Court's December 23 Order, the Court issued another Order on April 11, 2006.  In the April 11 Order, the Court ordered Plaintiff's former counsel to serve Plaintiff with both Orders and submit an affidavit of service to the Court.  In the April 11 Order, the Court instructed Plaintiff to retain new counsel and enter counsel's appearance, or proceed *pro se*, and to further notify the Court of her intentions by May 15, 2006.  Additionally, the Court warned Plaintiff that failure to comply with the Order could subject the action to dismissal.  On April 13, 2006, the Court received a letter from Plaintiff's

3

former counsel, including an affidavit of personal service on Plaintiff on April 12, 2006.  To date,

Plaintiff has not responded to the April 11 Order.

Finally, Defendants Montefiore and Third Avenue have alerted the Court and Plaintiff of its

Motion to Dismiss this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute on three

separate occasions.[1]  Plaintiff has not responded to any of Defendants' correspondence.

## II.  Discussion

### A.  Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an

action if a plaintiff fails "to prosecute or to comply with . . . any order of the court."  Fed. R. Civ. P.

41(b); *accord Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996).  However, "dismissal is a harsh

remedy and is appropriate only in extreme situations."  *Lucas*, 84 F.3d at 535 (citation omitted).

Where a plaintiff proceeds *pro se*, Courts should be especially hesitant to dismiss his claim for

procedural deficiencies.  *Id.* (citation omitted).

---

[1]*See* Loretta A. Krez Letter to the Court, February 24, 2006; Loretta A. Krez Letter to the Court, June 14, 2006; Andrew P. Keaveney Letter to the Court, August 9, 2006; Loretta A. Krez Letter to the Court, September 14, 2006.  Although Defendant Montefiore did not properly file a docketed motion to dismiss this case pursuant to Fed. R. Civ. P. 41(b), Defendant's letters to the Court and Plaintiff both state "[a]lternatively [to their other bases for dismissal], we request that the case be dismissed for failure to prosecute pursuant to Fed. Rule 41(b)." (Loretta A. Krez Letter to the Court, February 24, 2006; Loretta A. Krez Letter to the Court, June 14, 2006; Loretta A. Krez Letter to the Court, September 14, 2006)  Likewise, Defendant Third Avenue, in a letter to the Court dated  9, 2006, "request[ed] that the court enter an order dismissing this action, with prejudice, for plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." (Andrew P. Keaveney Letter to the Court, August 9, 2006)  Defendant Third Avenue's letter was sent to Plaintiff's former counsel, William A. Gallina, but not to Plaintiff.  Therefore, the Court will not consider Third Avenue's letter as having been received by Plaintiff.  *See also infra*, Part II.B.2.

In determining whether dismissal with prejudice for failure to prosecute is warranted in the present action, the Court must weigh several factors:  "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (quotation and citation omitted) (alterations in original); *Deptola v. Doe*, No. 04 Civ. 1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 07, 2005).  No single factor is dispositive in deciding if dismissal is warranted. *See Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998) (citation omitted).  Applying this standard to the present action, dismissal with prejudice is appropriate.

B.  Analysis

1.  Duration of Plaintiff's Failure to Prosecute

The Second Circuit has not established a fixed period which must elapse before a plaintiff's delay in prosecution becomes unreasonable.  Courts have frequently found that delays of less than one year are unreasonable.  At least one court has found that a delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." *Peters-Turnbull v. Bd. of Educ. of New York*, No. 96 Civ. 4914, 1999 WL 959375, at *2-3 (S.D.N.Y. Oct. 20, 1999).  However, "in extreme circumstances, a district court may dismiss a complaint for relatively short delays." *Alevizopoulos & Assocs. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (citing *Lucas*, 84 F.3d at 535).  In the present case, Plaintiff has not responded to the Court's April 11, 2006 Order, instructing the

Plaintiff to notify the Court of her intentions by May 15, 2006.  More than four months have

transpired since the May 15 deadline, which is an adequate period of time for the Court to dismiss a

complaint for failure to prosecute.[2]  *See, e.g.*, *Deptola*, 2005 WL 2483341, at *2 (dismissing case for

failure to prosecute three months after *pro se* plaintiff failed to appear at a scheduling conference);

*Wilson*, 2002 WL 1770813, at *2-4 (dismissing for failure to prosecute almost four months after

plaintiff failed to respond to court's order); *Lopez v. Catholic Charities of the Archdiocese of New*

*York*, No. 00 Civ. 1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to

prosecute when plaintiff "ceased to prosecute . . . action *at all*" for three months); *Alevizopoulos*,

2000 WL 1677984, at *2 (noting that although successful motions to dismiss for failure to prosecute

usually consist of longer delays, plaintiff's failure to comply with deposition deadlines, failure to

provide an affidavit, and "willful disregard" of the Court's orders merited dismissal for failure to

prosecute after four months of inactivity).

---

[2]In determining that Plaintiff ceased prosecuting this case on May 15, 2006, the Court characterizes the prosecution of this case in a light favorable to Plaintiff.  In addition to failing to respond to the Court's December and April Orders, Plaintiff has not made any effort to prosecute this action since filing her Amended Complaint on July 11, 2005.  Other courts have been less lenient when assessing the point at which a plaintiff ceased prosecuting a case.  *See, e.g.*, *Taylor v. Duane Reade, Inc.*, No. 04 Civ. 1506, 2005 WL 2806444, at *2 (E.D.N.Y. Oct. 27, 2005) (dismissing a case where *pro se* plaintiff had failed to progress case for "over a year," although plaintiff had been in frequent communication with the Court up to one month prior to dismissal).

The withdrawal of Plaintiff's counsel nearly nine months ago does not change the Court's determination that the unresponsive Plaintiff – now ostensibly proceeding *pro se* – has failed to prosecute this case.  *See Samman v. Conyers*, 231 F.R.D. 163, 165 (S.D.N.Y. 2005) (dismissing for failure to prosecute ten months after plaintiff's attorney withdrew as counsel); *Taylor*, 2005 WL 2806444, at *1-2 (dismissing case for failure to prosecute four months after plaintiff's attorney withdrew as counsel); *Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01 Civ. 3417, 2002 WL 1770813, at *2-4 (S.D.N.Y. July 31, 2002) (dismissing for failure to prosecute five months after plaintiff's attorney withdrew as counsel).

In the present action, Plaintiff has not responded to Orders personally served on her by her former counsel, nor has she responded to correspondence served on her by opposing counsel via mail and courier.  (Raymond Cabrera Affidavit of Service, dated December 13, 2005; Louis G. Solimano Letter to the Court, April 13, 2006; Loretta A. Krez Letter to the Court, February 24, 2006; Loretta A. Krez Letter to the Court, June 14, 2006; Loretta A. Krez Letter to the Court, September 14, 2006)  As the Plaintiff appears to have completely abandoned this action, the first factor favors dismissal.

2.  Notice that Further Delays Would Result in Dismissal

Plaintiff has been put on notice that further delays would warrant dismissal of the Amended Complaint.  First, in its December 23, 2005 Order, the Court instructed Plaintiff to notify the Court in writing by January 20, 2006 how she wished to proceed with this action.  In that Order, the Court warned Plaintiff that "failure to comply with this Order could subject Plaintiff's claim to be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b)."  (Order, December 23, 2005)  Second, in its April 11 Order, the Court again warned Plaintiff that failure to comply with the Order's terms could subject the action to dismissal.  (Order,  11, 2006)  The April 11 Order acknowledged that Plaintiff was not served with the Court's December 23 Order and ordered Plaintiff's former counsel to serve the Plaintiff with both Orders and submit an affidavit of service to the Court.  (*Id.*)  On April 13, 2006, the Court received a letter from Plaintiff's former counsel, including an affidavit of personal service on Plaintiff stating that both Orders were served on Plaintiff on April 12, 2006.  (William A. Gallina Letter to the Court, April 13, 2006)

In addition to notice of potential dismissal provided by the Court, Defendant Montefiore sent a total of three letters to Plaintiff notifying her of Defendants' Motion to Dismiss pursuant to Fed.

R. Civ. P. 41(b) for failure to prosecute.  (Loretta A. Krez Letter to the Court, February 24, 2006; Loretta A. Krez Letter to the Court, June 14, 2006; Loretta A. Krez Letter to the Court, September 14, 2006)  Courts in this District have found that a motion pursuant to Rule 41(b) provides a plaintiff with adequate notice.  *See Lopez*, 2001 WL 50896, at *4 (collecting cases).  As Plaintiff received ample notice from both the Court and Defendant Montefiore that delays might result in dismissal for failure to prosecute, this factor favors dismissal.

### 3.  Prejudice to Defendants

The third factor considers prejudice to Defendants.  In deciding this factor, the Court must assess "whether defendants are 'likely to be prejudiced by further delay.'" *US ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004) (quoting *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)).  "Prejudice to defendants resulting from unreasonable delay may be presumed . . . but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (citations omitted).

Here, the prejudice caused by Plaintiff's inaction is significant.  Due to Plaintiff's failure to comply with the Court's schedule and Orders, the Court has been unable to rule on Defendant Montefiore's Motion to Dismiss, filed on September 16, 2005, and Defendant Third Avenue's Motion for Summary Judgment, filed September 19, 2005.  In the intervening year since the filing of Defendants' motions, Defendants have been forced to bear the expense of defending a lawsuit that Plaintiff has shown no interest in pursuing.  Accordingly, this factor favors dismissal, albeit marginally.

### 4.  Balancing Plaintiff's Due Process Interests with the Court's Congested Docket

8

The fourth factor requires balancing Plaintiff's due process interests with the Court's congested docket.  In deciding the fourth factor, the Court must strike a "balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard."  *Norden*, 375 F.3d at 257 (citing *Martens*, 273 F.3d at 182).   The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed.  *See Alevizopoulos*, 2000 WL 1677984, at *3 (citing *Lyell Theater*, 682 F.2d at 42); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980) ("Burgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination.").

In this case, Plaintiff's repeated failure to comply with the Court's Orders diminishes her right to have her claim heard by the Court.  *See Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y 2004) (citing *Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997), *aff'd*, 152 F.3d 917 (2d Cir. 1998)).  Because Plaintiff has made no effort to comply with the Court's Orders or to prosecute this case, it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket.

### 5.  Consideration of Lesser Sanctions

The fifth and final factor the Court must consider in deciding whether to dismiss this case for failure to prosecute is "whether lesser sanctions would have been sufficient to remedy any prejudice resulting from plaintiff's delay."  *Norden*, 375 F.3d at 257 (citing *Martens*, 273 F.3d at 182)  A plaintiff's repeated violation of court orders will lead a court to "the inexorable conclusion" that dismissal is the only appropriate response to a plaintiff's conduct.  *Feurtado*, 225 F.R.D. at 481 (citing *Chira*, 634 F.2d at 666); *see also Smith v. Human Res. Admin. of New York City*, No. 91 Civ.

2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where plaintiff has ignored multiple court orders); *Alevizopoulos*, 2000 WL 1677984, at *4 (same).

Here, Plaintiff has ignored the Court's Orders and warnings that inaction would carry the risk of the dismissal of this case. There is no reason for the Court to believe that any lesser sanction would cause Plaintiff to pursue this case with appropriate speed.

### III. Conclusion

As noted above, while courts must be "especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant," *Lucas*, 84 F.3d at 535 (citation omitted), Plaintiff's repeated and prolonged failure to respond to the Court's Orders has overcome the Court's reluctance to dismiss this case. Plaintiff has failed to communicate with the Court for several months and with former counsel for nearly one year. (Louis G. Solimano Letter to the Court, October 27, 2005) Under these circumstances, dismissal is appropriate.

For the foregoing reasons, this action is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court is directed to enter judgment in favor of Defendants and to close this case.

SO ORDERED.

Dated:     September ☒, 2006
           New York, New York

                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE

10

Service List:
Robin Antonio
2140 Seward Avenue, Apt. 7G
Bronx, New York 10473
*Pro Se Plaintiff*

Loretta A. Krez, Esq.
Kaufman Borgeest & Ryan LLP
99 Park Avenue
New York, New York 10016
*Council for Defendant Montefiore Medical Center*

Kenneth J. Bufford, Esq.
Andrew P. Keaveney, Esq.
Landman Corsi Ballaine & Ford, P.C.
120 Broadway, 27th Floor
New York, New York 10271-0079
*Council for Defendant Third Avenue Radiology*

Jeanette A. Vargas, Esq.
U.S. Attorney's Office, S.D.N.Y.
86 Chambers, 3rd Floor
New York, New York 10007
*Council for Defendant United States of America*

11